```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
SANDRA A. SANSON,                               ELECTRONICALLY FILED
                                                DOC #: _____
                        Plaintiff,              DATE FILED: _3/30/2021_

        -against-                               19 Civ. 2569 (AT)

CITY OF NEW YORK, et al.,                       ORDER

                        Defendants.
```

ANALISA TORRES, District Judge:

Plaintiff, Sandra A. Sanson, moves pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 2000e-5(k), for an order awarding attorneys' fees and costs. The Court referred the motion to the Honorable Stewart D. Aaron for a report and recommendation (the "R&R"). ECF No. 67. On May 19, 2020, Judge Aaron issued the R&R, recommending that Plaintiff's motion be granted in part and denied in part. R&R at 1, ECF No. 70. For the reasons stated below, the R&R is ADOPTED in part, and REJECTED in part. Plaintiff is awarded $60,198.00 in attorneys' fees and $919.00 in costs, for a total award of $61,117.

## BACKGROUND

Sanson, a healthcare administrator, alleges that she was wrongfully fired by Defendants because of her age, race, and/or sex, in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the New York State Human Rights Law, and the New York City Human Rights Law. ECF No. 1-2 ¶ 2. After briefing Defendants' motion to dismiss the complaint, ECF Nos. 21–22, 26, 31, Plaintiff accepted a Rule 68 offer of judgment, ECF No. 33. The Rule 68 offer provided that Sanson could take judgment against Defendants in the amount of "[$]25,001.00[] in back pay, less all applicable deductions and withholdings, plus reasonable attorneys' fees, expenses, and costs accrued to date . . . for [P]laintiff's claims." ECF No. 59 at 1. Plaintiff's counsel seeks $123,412.50 in attorneys' fees and $1,029.17 in costs. ECF Nos.

64–65.  Defendants contend that Plaintiff should be awarded $37,522.50 in attorneys' fees and $907.78 in costs.  ECF No. 68 at 35.  The R&R recommends that Plaintiff be awarded $44,850.00 in attorneys' fees and $919.00 in costs, for a total award of $45,769.00.  R&R at 1.

## DISCUSSION

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014).

Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y.

Aug. 19, 2014) (internal quotation marks and citation omitted).

    II.    <u>Plaintiff's Objections</u>

The R&R recommends that the Court award Plaintiff $44,850.00 in attorneys' fees and $919.00 in costs, for a total award of $45,769.00. R&R at 1. The R&R recommends a reduction in the hourly rates of Yetta G. Kurland, Erica T. Healey-Kagan, Kathleen B. Cullum, Brian A. Jasinski, and Samantha Weiss, attorneys at The Kurland Group ("TKG") law firm, and a forty percent reduction in hours spent by each of these timekeepers. R&R at 4–8; ECF No. 66-2.

Plaintiff objects to the reduction of hourly rates for Kagan, Cullum, Jasinski, and Weiss on the basis that the reduction does not reflect their skills and experience, or the customary rates of comparable counsel in the district. Pl. Obj. at 2–3, ECF No. 71. Plaintiff also objects to the forty percent reduction in the number of hours as unwarranted and excessive. *Id*. at 3–10.

    A.  Standard for Attorneys' Fees

Title VII of the Civil Rights Act authorizes the award of attorneys' fees to prevailing parties. *See* 42 U.S.C. § 2000e-5(k). "The Second Circuit has held that plaintiffs who accept Rule 68 offers of judgement qualify as 'prevailing parties' entitled to attorneys' fees and costs." *Williams v. City of New York*, No. 16 Civ. 233, 2017 WL 1906899, at *1 (S.D.N.Y. May 9, 2017) (citation omitted). Accordingly, Plaintiff is entitled to attorneys' fees and costs.

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (alteration omitted). A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "The reasonable hourly rate is the rate a paying client would be

willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In calculating that rate, the court must "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees." *Id.* These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
> *Id.* at 186 n.3; *see id.* at 191. There is a presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," and so in ordinary circumstances courts may rely on typical fees within the district as a measure of reasonableness. *Id.* at 191.

In determining the number of hours reasonably expended, courts must consider both "contemporaneous time records specifying, for each attorney, the date, hours expended, and nature of the work done," *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2011) (internal quotation marks, citation, and alterations omitted), as well as "its own familiarity with the case and . . . its experience generally as well as . . . the evidentiary submissions and arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted). Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, *see Hensley*, 461 U.S. at 437 n.12, or in order to exclude "excessive, redundant, or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Once the lodestar is calculated, it may be adjusted only "when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted). The Second Circuit has

instructed, however, that "such adjustments are appropriate only in rare circumstances," and "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself," but rather "only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation." *Id.* (internal quotation marks and citation omitted).

B. Reasonable Hourly Rate

Plaintiff's legal team consisted of five individuals: Kurland, Kagan, Cullum, Jasinski, and Weiss. Pl. Obj. at 3. The R&R recommends the following reductions: from $695 to $600 for Kurland, from $650 to $400 for Kagan, from $450 to $200 for Cullum and Jasinski for their time as associates, and from $325 to $150 for Cullum, Jasinski, and Weiss for their time as law clerks. *Id.* at 2–3. Plaintiff does not object to the R&R's recommendation concerning Kurland's hourly rate. *Id.* at 1 n.1. Accordingly, the Court finds no error and ADOPTS the R&R's recommendation as to Kurland.

1. Kagan

Plaintiff objects to the R&R's recommendation that the Court reduce Kagan's hourly rate to $400 in light of her position as a partner, 12 years of experience litigating employment and civil rights cases, and the prevailing rates in the district. Pl. Obj. at 2–3. Plaintiff posits that this Court should reduce Kagan's hourly rate to $565, if it chooses to reduce her rate at all. *Id.* at 3. The Court adopts the R&R's recommended reduction to a $400 hourly rate for Kagan, given her recent elevation to partner at TKG and the nature of the case. "The customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights . . . cases." *See Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) (collecting cases); *see also, e.g., Cocuzza v. Rockland Cty., New York*, No. 17 Civ. 8217, 2019 WL 6498915, at *4 (S.D.N.Y. Nov. 7, 2019) ("Precedent in the Southern District of New

York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650."), *report and recommendation adopted*, 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019); *Balu v. City of New York*, No. 12 Civ. 1071, 2016 WL 884666, at *4 (S.D.N.Y. Mar. 8, 2016) (setting $450 hourly rate for experienced trial counsel in employment discrimination). Recently, this Court found that the reasonable hourly rate for civil rights lawyers with over 30 years of experience was $450, *see Ekukpe v. Santiago*, 2020 WL 1529259, at *3 (S.D.N.Y. Mar. 31, 2020), and other courts in this district have reached similar conclusions, *Dancy*, 141 F. Supp. 3d at 238–39 (holding that "[i]t is reasonable to award . . . an hourly rate of $450 per hour" to counsel with 36 years of civil rights experience). Kagan graduated from law school in 2008. Kagan Decl. ¶ 14, ECF No. 66. She was elevated to counsel at TKG in 2015, and she was recently elevated to "junior partner" in January 2019. *Id.* Moreover, another court in this district recently found that a $400 hourly rate was reasonable for Kagan. *See Torres v. City of New York*, No. 18 Civ. 3644, 2020 WL 4883807, at*4 (S.D.N.Y. Aug. 20, 2020).

The case relied on by Plaintiff, *Au New Haven, LLC v. YKK Corp.*, No. 15 Civ. 3411, 2018 WL 333828 (S.D.N.Y. Jan 5, 2018), to support a higher hourly rate for Kagan has no bearing on the calculation here. In *Au New Haven, LLC*, the court awarded attorneys' fees after sanctioning a party, in a case where the parties were litigating a copyright infringement case. *Id.* at *5–6. That court cited another copyright infringement case for the proposition that "district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour." *Id.* (citing *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082 (S.D.N.Y. Sept. 24, 2014). Thus, *Au New Haven, LLC*, concerned a different subject matter and a different category of legal work, and sheds little light on what fee "is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

6

Accordingly, given Kagan's years of experience and the nature of the suit, Plaintiff's objection is OVERRULED and the Court ADOPTS the R&R's recommendation. Thus, Kagan's hourly rate is reduced to $400.

        2.   Cullum, Jasinski, and Weiss

Plaintiff objects to the R&R's recommendation that the Court reduce Cullum and Jasinski's hourly rates from $450 to $200 during their time as associates, and from $325 to $150 during their time as law clerks. Pl. Obj. at 2–3. Instead, Plaintiff asks this Court to reduce their hourly rates to $390 as associates and $280 as law clerks, if the Court deems any reduction appropriate. *Id.* at 3.

Rates in this district for junior associates range from $200 to $350 per hour at law firms specializing in civil rights. *Decastro v. City of New York*, No. 16 Civ. 3850, 2017 WL 4386372, at *6 (S.D.N.Y. Sept. 30, 2017); *Ekukpe*, 2020 WL 1529259, at *4–5. The R&R correctly considered Cullum and Jasinski's backgrounds and years of experience in recommending a rate of $200 per hour. R&R at 5.

And, for the reasons explained above, Plaintiff's reliance on *Au New Haven, LLC* to support a higher hourly rate for Cullum and Jasinski is misplaced. For those same reasons, so too is Plaintiff's reliance on *TufAmerica Inc. v. Diamond*, No 12 Civ. 3529, 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016). *TufAmerica* involved a copyright infringement suit that concerned defendants such as the Beastie Boys and Capitol Records, LLC, and that case was litigated by large international law firms. Thus, *TufAmerica* has minimal relevance to this matter. *Perdue*, 559 U.S. at 552.

Plaintiff objects to the reduction of hourly rates for Cullum, Jasinski, and Weiss as law clerks from $325 to $150. Pl. Obj. at 2; ECF No. 66-2. In the alternative, Plaintiff contends that this Court should reduce their hourly rate to $280. Pl. Obj. at 3. Plaintiff does not point to any

7

facts or law to support this higher rate for law clerks. Moreover, the "rate for law clerks and paralegals is commonly below $200/hour." *Torres*, 2020 WL 4883807, at *5. Accordingly, Plaintiff's objection is OVERRULED and the Court ADOPTS the R&R's recommendation. The hourly rate for the time Cullum and Jasinski billed as associates is reduced to $200 and the hourly rate for their time billed as law clerks is reduced to $150, and Weiss's hourly rate throughout the litigation is reduced to $150.

C. Reduction in Hours Billed

Plaintiff objects to the R&R's recommendation that this Court implement a forty percent reduction in the hours spent by various timekeepers. Pl. Obj. at 3–10. These objections are OVERRULED in part.

First, Plaintiff argues that the R&R incorrectly found that a reduction was warranted because many descriptions of work were inadequate. R&R at 4. The Court agrees that many entries, particularly those involving email exchanges, are "too vague to sufficiently document hours claimed." *See Suchodolski Assocs, Inc. v. Cardell Fin. Corp.*, No. 03 Civ. 4148, 2008 WL 5539688, at *2 (S.D.N.Y. Dec. 18, 2008); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (holding as "plainly inadequate" vague entries such as "'conference with' or 'call to' a specified person . . . [and] time entries that refer to unspecified communications with unidentified 'outside counsel' or 'colleagues.'" (internal citations omitted)). Indeed, many entries refer to "email regarding matter" or "email exchange regarding matter." *See generally* ECF No. 66-1. There are similarly vague entries referring to "calls with opposing counsel regarding matter" and "call with client regarding matter," without further detail. *Id*. at 1, 11. Contrary to Plaintiff's assertions, unlike in *Ekukpe*, these entries are not "attached" to other reasonable tasks, but are rather standalone, vague entries. *Ekukpe*, 2020 WL 1529259, at *5 (noting that a "review file" entry was attached to entries such as "[r]eview file in preparation for

8

tomorrow's settlement discussion"). Accordingly, the Court agrees with Judge Aaron that many entries are deficient.

Second, Plaintiff objects to the R&R's finding that some entries are excessive, redundant, or otherwise unnecessary. Pl. Obj. at 4. Specifically, Plaintiff objects to references to a "small number of administrative or ministerial tasks" conducted by attorneys. *Id*. The R&R correctly noted that timekeepers billed for tasks such as preparing documents for filing, service of process, drafting affidavits of service, organizing files, and calendaring events. R&R at 5–6. It is well settled that certain ministerial tasks, such as organizing files and calendaring should not be charged to clients. *Shabazz v. City of N.Y.*, No. 14 Civ. 6417, 2015 WL 7779267, at *4 (S.D. N.Y. Dec. 2, 2015). Relying on *Ekukpe*, Plaintiff argues that the R&R "conflates time entries that include administrative tasks with entries that entirely consists of administrative tasks." Pl. Obj. at 5 (internal alterations omitted). As explained above, however, the entries in *Ekukpe* refer to single time entries that contained both administrative and legal-work components. *Ekukpe*, 2020 WL 1529259, at *5. By contrast, here, the time entries consist of entirely administrative tasks. Thus, *Ekukpe* is inapposite.

Third, Plaintiff objects to the R&R's recommendation that this Court reduce the number of hours billed given the limited degree of success obtained by Plaintiff. R&R at 6. The R&R correctly notes that a court may reduce fees to account for limited success. *See Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 523, 525 (S.D.N.Y. 2002). Moreover, it is appropriate to consider what the plaintiff achieved in comparison to what they sought. *Id*. at 523. However, Plaintiff avers that TKG worked hard to represent her interests and that they fought for her with knowledge, expertise, and diligence. Sanson Aff. ¶ 8, ECF No. 66-5. She states that she is very satisfied with their representation, and she believes that they should be fully compensated for their representation. *Id*. ¶ 9. Unlike in *Baird*, Plaintiff's representations

9

do not reflect a "realiz[ation] that [her] efforts were ultimately likely to fail," *id*. at 524, or that her claims "had little hope of success on the merits," *id*. at 523.  Thus, the Court does not find that a reduction for a limited degree of success is warranted in this instance.

The Court finds that a twenty percent reduction, rather than a forty percent reduction, in hours billed is appropriate.  Accordingly, Plaintiff's objections are OVERRULED in part.  Thus, Plaintiff's request for attorneys' fees is adjusted as follows: $600 per hour for Kurland, $400 per hour for Kagan, $200 per hour for Cullum for time billed as an associate and $150 per hour for time billed as a law clerk, $200 per hour for Jasinski for time billed as an associate and $150 per hour for time billed as a law clerk, and $150 per hour for Weiss.  The Court will apply a twenty percent reduction in the hours spent by each timekeeper.  Plaintiff shall be awarded $60,198.00 in attorneys' fees and $919.00 in costs, for a total award of $61,117.00.[1]

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in in part, and REJECTED in part. Plaintiff is awarded $60,198.00 in attorneys' fees and $919 in costs, for a total award of $61,117.00.  The Clerk of Court is directed to terminate the motion at ECF No. 64 and close the case.

SO ORDERED.

Dated: March 30, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Court has reviewed the unchallenged portions of the R&R and finds no clear error.  *Oquendo*, 2014 WL 4160222, at *2.  Accordingly, the Court ADOPTS the unchallenged portions of the R&R.